CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 17 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID PAUL OQUINN,<br>    Plaintiff, | Civil Action No. 7:08cv00426 |
| v. | MEMORANDUM OPINION |
| DOUG BAKER, et al.,<br>    Defendant(s). | By: Hon. Glen E. Conrad<br>United States District Judge |

By order entered July 20, 2008, the court notified plaintiff that his complaint, presented under 42 U.S.C. § 1983 and alleging denial of access to courts, failed to state any actionable claim that he had been deprived of any constitutional right, and granted him twenty (20) days in which to amend. Plaintiff then submitted a motion to amend, alleging denial of timely dental treatment (Dkt. No. 4), but he did not amend his access to courts claim. Upon review of the record, the court concludes that plaintiff's access to courts claim must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim.[1]

Inmates have a constitutional right to reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977). In order to plead a claim that he was denied access to the courts, however, a plaintiff must identify with specificity, a non-frivolous legal claim that the defendants' actions prevented him from litigating. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 353 n. 3. Even when an inmate prefers to proceed pro se rather than depend on legal assistance the state provides, such as a court appointed attorney, the Constitution does not require the state to provide both library access and legal assistance. See Spates v. Manson, 644 F.2d 80, 84-85 (2d Cir. 1981); Williams v. Leeke, 584 F.2d

---

[1] Pursuant to §1915(e)(2), the court may dismiss an action filed in forma pauperis at any time for failure to state a claim upon which relief may be granted.

1336, 1339 (4th Cir. 1978). If plaintiff fails to make specific allegations as to the actual injury sustained, the court may appropriately dismiss his claim summarily. See, e.g., Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

Oquinn alleged the following events on which his access to courts claim is based. On June 29, 2008, he filed a written request asking for access to the jail's law library, because he was "seeking post conviction relief and need[ed] to research a few case laws [sic]." Captain Baker responded on July 1, 2008, in writing: "Mr. Oquinn you need your lawyer to do your research. Thank you." Oquinn asserts that he also filed a grievance about the library issue, but never received a response. Because jail officials denied him access to the law library, he was allegedly "unable to file any pro se motions of any kind" after he was sentenced. The court conditionally filed Oquinn's complaint and advised him of the need to show specific injury to his litigation efforts in order to state a constitutional claim. Oquinn failed to amend within the allotted time to provide any allegations concerning the specific nature of the claims that he wished to bring after sentencing. Accordingly, the court finds that he has failed to allege specific injury resulting from defendants' actions, and his access to courts claim fails as a result. The court will summarily dismiss this claim from the action, pursuant to § 1915(e)(2).

Plaintiff has submitted a pleading that the court construes as a motion to amend, which will be granted by separate order. It concerns new claims against another jail official, Ron Adkins, alleging denial of adequate dental treatment for a serious medical need. The amendment, however, does not allege that the defendants named in the original complaint--Baker and Rose--had any involvement in the newly alleged violations regarding dental treatment. As the only claim against

these defendants will be dismissed, the court will also direct the clerk to terminate Baker and Rose from this action, as they are not parties to the only claim remaining before the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 17th day of September, 2008.

/s/ Glen Conrad
United States District Judge